# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | SA-19-CR-00005-OLG-1 |
| (1) DONALD JAVIER CANTU ALVARADO | § § § § | |

## ORDER

On July 10, 2019, the Court held a hearing on the Defendant's Motion to Withdraw Counsel [#31] and the Motion to Withdraw [#32] filed by his attorney. Counsel for Defendant, Terry McDonald, and Defendant Donald Javier Cantu Alvarado were both present at the hearing. (The Court excused the Government from attending.) Having reviewed Defendant's *pro se* motion and his attorney's motion, and after considering the representations made on the record by both the Defendant and her counsel at the hearing, the Court will grant the motion.

However, especially because this is Defendant's second request for new counsel, the Court emphasizes to Defendant that the Sixth Amendment establishes a defendant's right to counsel, but not an unqualified right to an attorney of the defendant's choice. *See United States v. Magee*, 741 F.2d 93 (5th Cir. 1984). Instead, a "defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty." *United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983). But a "defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case." *Id*. Moreover, although a "defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests," as well as one "with whom he can communicate

reasonably," a defendant "has no right to an attorney who will docilely do as he is told." *Id*. "Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more." *Id*.

The Court is not implying that Defendant has established that his attorney has fallen short of this standard, but Defendant and his counsel both indicated that their relationship is irreparable and that both believe that Defendant will be able to have a more productive relationship with a new attorney. However, as the Court stated on the record and now reiterates to Defendant, Defendant should work in good faith with his new attorney and expect that the attorney communicate reasonably with him, but he should not expect that any attorney the Court appoints would agree with him on every issue related to the case or that any appointed attorney would file everything with the Court that Defendant requests.

In accordance with the foregoing, and for the reasons stated on the record during the hearing:

**IT IS ORDERED** that Defendant's Motion to Withdraw Counsel [#31] and the Motion to Withdraw [#32] filed by his attorney are **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 10th day of July, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE